IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.  ) | CASE NO.: 1:06cr107-MHT |
| ) | |
| MICHAEL D. HARVEY ) | |

**MOTION TO SUPPRESS STATEMENT(S)[1]**

COMES NOW the Defendant, Michael D. Harvey, by and through undersigned counsel, Kevin L. Butler, and moves to suppress Mr. Harvey's March 6, 2006, statement to government officials.

**Relevant Facts**

Michael David Harvey is a 19 year old Caucasian male with an Intellectual Quotient (I.Q.) of 57.[2]  This I.Q. corresponds with an individual who is considered clinically determined to be retarded.  Mr. Harvey was raised in financially disadvantaged circumstances and he has been enrolled in special education courses his entire life.  In addition to his intellectual limitations, Mr. Harvey has been treated with psychotropic medications in order to control impulsive behavior.  Since

---

[1] At this time, undersigned counsel has a good faith belief that the evidence/statements should be suppressed because of Mr. Harvey's mental limitations.  However, the defense would request the government be given an extended period of time to respond to this pleading.  Undersigned counsel is presently working in conjunction with a clinical/forensic psychologist to determine Mr. Harvey's current and past ability to understand the nature of these proceedings and the questioning which led to his statements.  Undersigned counsel is also awaiting the receipt of multiple documents from Seminary, Mississippi.  This review may lead to the defense's determination to withdraw this pleading.

[2] Undersigned counsel is still investigating Mr. Harvey's background and attempting to locate and secure records relating to his intellectual functioning.  However, all information relating to Mr. Harvey's background is located out of this district and in Seminary, Mississippi.  Additionally, many of the individuals in possession of the necessary information are transient and have limited education.  If any information received is relevant to this pleading, supplemental exhibits will be submitted with leave of the court.

his early childhood, because of his youth, intellectual limitations and susceptibility to manipulation, Mr. Harvey has been subjected to continual sexual abuse by adult males and adult females.

On March 6, 2006, Mr. Harvey was placed in Covington County Sheriffs's Department custody on suspicion Mr. Harvey sexually assaulted his juvenile nephew. While in police custody, Mr. Harvey was extensively questioned regarding the alleged sexual assault. In response to this interrogation, Mr. Harvey provided incriminating statements. Though allegedly advised of his *Miranda* rights prior to questioning, because of his intellectual limitations, Mr. Harvey had no knowledge of the rights he was waiving and subsequently did not provide a knowing and voluntary statement. Therefore, the defense respectfully requests the statement(s) be suppressed.

## Discussion

In Miranda v. Arizona, 384 U.S. 436, (1966), the Supreme Court ruled that a person in police custody must be advised of his right to remain silent and his right to the assistance of counsel prior to interrogation. However, the suspect's *Miranda* waiver must be knowing and voluntary. Moran v. Burbine, 475 U.S. 412 (1986). In order to determine if the waiver was knowingly and voluntarily executed, the court must first determine whether the waiver was (I. Voluntary) the product of free will and deliberate choice and not intimidation, coercion or deception and (II. Knowing and Intelligent) determine if the individual was aware of both the nature of the right being abandoned and the consequences of the decision to abandon the right. Id.

In this case, Mr. Harvey executed a *Miranda* waiver and then provided a statement.[3] However, the *Miranda* waiver was not voluntary nor knowingly and intelligently provided.

---

[3] There is no indication from the discovery that the statement itself was involuntary (the statement does show and reflect Mr. Harvey's intellectual limitations and supports the defense's argument that the waiver was not knowing and intelligent). However, the defense reserves the right to raise this issue if testimony indicates the statement itself was coerced.

I.    Mr. Harvey's *Miranda* waiver was not voluntary

The 11th Circuit has held if the police take advantage of an individual's mental limitations in order to secure a *Miranda* waiver, the waiver is not voluntary. United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995). In this case, the police took advantage of Mr. Harvey's mental limitations. This fact is reflected most clearly in the fact that they allowed Mr. Harvey's step-father to be present when the waiver was executed. Though Mr. Harvey is 19 years old and not considered a juvenile, because the police were aware of his mental limitations, they did not have him independently review and execute the waiver. The police were aware that Mr. Harvey did not understand the document and subsequently requested his step-father's presence. However, the presence of the step-father did not cure the underlying and critical problem of Mr. Harvey's lack of comprehension of the document. It was simply law enforcement's misguided attempt to correct the coercive and involuntary nature of the waiver.

As the waiver was not voluntarily given, the subsequent statement must be suppressed. However, in addition to being involuntary, the statement was not knowingly and intelligently provided.

II.   Mr. Harvey's Miranda waiver was not knowingly or intelligently provided

In addition to being voluntary, a *Miranda* waiver must also be knowingly and intelligently executed. In determining whether a *Miranda* waiver is knowingly and intelligently executed, the court must look at the defendant's intellect, age, experience and education. In this case, Mr. Harvey has a 57 I.Q.; he had been enrolled in special education courses his entire life; and, though he was 19 years old and considered and adult, he was in need of a parental escort at the time of questioning. This was a result of the fact he had no knowledge of what was taking place, the rights he was waiving and was easily susceptible to manipulation. Therefore, in addition to being involuntary, Mr.

Harvey's waiver was also unknowing and not intelligently made.

## Conclusion

For the reasons set forth above, Mr. Harvey respectfully request the statement(s) provided on March 6, 2006, be suppressed.

    Respectfully submitted,

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **CASE NO.: 1:06cr107-MHT** |
| | ) | |
| **MICHAEL D. HARVEY** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Susan Redmond, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138