IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. No.: 1:06cr107-MHT |
| | ) | |
| MICHAEL D. HARVEY | ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL**

**COMES NOW** the Defendant, Michael D. Harvey, by and through undersigned counsel, Kevin L. Butler, and moves this Court, pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)F), (h)(3)(A)(B), (h)(8)(B)(ii), and (h)(8)(B)(iv), for a continuance of his trial setting of October 30, 2006, to February 5, 2007.  In support of this motion, Defendant would show the following:

1. Mr. Harvey is charged in a three-count Indictment with sexual misconduct with a person who had not attained the age of 12.

2. Mr. Harvey is a 19-year-old male.  Juvenile education records indicate he has a possible Intelligence Quotient (IQ) of 57 and an extensive history of psychiatric treatment.  He also has a past history of being abused, both physically and sexually, by men and women.

3. Prior to his arrest on these charges, Mr. Harvey resided in Seminary, Mississippi, with his mother.  As a result, much of the necessary case investigation and witness interviews are being conducted outside of this district, and locating necessary witnesses has been difficult, given several witnesses' transient lifestyles.  Additionally, all material and relevant records related to Mr. Harvey's mental health are located out of this district.

4. Based upon Mr. Harvey's mental health limitations, undersigned counsel has moved to suppress verbal statements made by Mr. Harvey at the time of his arrest.  (Docket #22).

        Additionally, to assess his competence, this court ordered a Federal Bureau of Prisons psychiatric evaluation of Mr. Harvey.

5. All of the information sought through the defense's case investigation and to resolve the suppression motion is necessary for trial of this matter, necessary to determine Harvey's competence, necessary for effective plea negotiations, and necessary for the Court to exercise its sentencing authority meaningfully.

6. However, given the remote location of the necessary information, the difficulties locating information and the need for the Court to fully and fairly resolve the matters raised in the defendant's suppression motion, it is in the interests of justice to allow the defense additional time to prepare for trial.

7. Requests for a continuance are addressed to the sound discretion of the trial court. United States v. Darby, 744 F.2d 1508, 1521 (11th Cir. 1984), reh. denied 749 F.2d 733, cert. denied 471 U.S. 1100 (1985). A continuance in order to allow defense counsel "the reasonable time necessary for effective preparation" for trial is one of the factors considered significant by the Speedy Trial Act. United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991); 18 U.S.C. 3161 (h)(8)(B)(iv). The Eleventh Circuit has repeatedly recognized that a continuance in order to provide adequate preparation by counsel serves the ends of justice. United States v. Goetz, 826 F.2d 1025, 1028 (11th Cir. 1987 ) (upholding, against speedy trial claim, a continuance of eighty days to allow new counsel to prepare for trial); United States v. Elkins, 795 F.2d 919, 924 (11th Cir. 1986), cert. denied 479 U.S. 952 ( 1986) (upholding against speedy trial claim, a continuance to allow new counsel time to prepare); United States v. Sarro, 742 F.2d 1286, 1300 (11th Cir. 1984), reh, denied 751 F.2d 394 (1984). In this case, the ends of justice will be served by allowing the defense adequate time

to locate all information relevant and necessary to prepare a defense to the charges and to determine Mr. Harvey's competence.

8. The United States, through Assistant United States Attorney Verne Speirs, does not oppose the granting of a continuance.

9. A waiver of speedy trial has been previously filed.

10. Additionally, pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)F), (h)(3)(A)(B), (h)(8)(B)(ii), and (h)(8)(B)(iv), the time necessary for the psychiatric evaulation of Mr. Harvey, necessary for the resolution of the defendant's pretrial motion and necessary to allow the defense adequate time to prepare, are excluded from the calculation of time required for a speedy trial.

**WHEREFORE**, for the foregoing reasons, Mr. Harvey respectfully requests that his trial date be continued from the presently scheduled date of October 30, 2006, until on or after February 2, 2007.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | CR. No.: 1:06cr107-MHT |
| | ) | |
| **MICHAEL D. HARVEY** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138