IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                          ) | CR. NO. 1:06cr107-MHT |
| ) | |
| MICHAEL D. HARVEY      ) | |

RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this response, the United States sets forth the following:

FACTS

On March 6, 2006, Investigator Chris Newman of the Covington County, Mississippi, Sheriff's Department and Special Agent Ryan Bostain of the United States Army Criminal Investigative Division interviewed Michael David Harvey. The interview was conducted at the Covington County Sheriff's Department, Covington County, Mississippi. Harvey was interviewed regarding allegations of child molestation.[1] Present during the interview was Harvey's step-father,

---

[1] In his motion, Harvey suggests his confession was taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966). According to Miranda, a criminal suspect need only be advised of his constitutional rights once that suspect is not "free to leave" and subject to custodial interrogation. See id. Although Harvey executed a rights waiver form, there is no suggestion that Harvey was under arrest or otherwise "not free to leave" at any time during his interview. Moreover, Harvey's motion fails to offer a scintilla of evidence suggesting that Harvey was indeed under arrest and subjected to custodial interrogation. According to the Order on Arraignment entered April 19, 2006, "Motions to suppress must allege specific facts which, if proven, would provide a basis of relief." Certainly, failure to offer a scintilla of evidence showing police overreaching; and, failing to even suggest that Harvey was under arrest at the time of the confession signals nothing more than mere suspicion or conjecture of improper police conduct. In anticipation of the hearing on this matter currently set for November 16, 2006, the

Johnny Power. According to the allegations, Harvey, while visiting Fort Rucker, Alabama, on or about October 31, 2005, molested a minor child, "John Doe."[2]

Prior to making any statement on March 6, 2006, Harvey executed two separate forms indicating his willingness to talk to law enforcement. One form, entitled "Rights Warning Procedure/Waiver Certificate," is used by the United States Military.[3] The other form is entitled "Parental Consent for Interview/Fingerprints/Videotape/Photograph of Juvenile." Both forms were executed by Harvey and his legal parent or guardian, Johnny Power. At all times during the interview, Harvey was free to leave.

Importantly, facts surrounding Harvey's interview appear to be undisputed. In his motion, Harvey does not attack the length of his detention. Harvey does not allege any repeated or prolonged nature of questioning. Harvey does not suggest any use of physical punishment, or any deprivation of food or sleep. And, Harvey makes no quarrel with the advice of constitutional rights given by law enforcement.

Rather than claim some form of police overreaching, Harvey strains to eke out an attack of his confession based upon the fact that investigators "allowed Mr. Harvey's step-father to be present when the waiver was executed." See Harvey Motion to Suppress Statements at P. 2. Harvey's motion is unsupported by law and fact.

---

United States will expend a significant amount of time and resources securing both state and federal witnesses to testify regarding seemingly undisputed facts merely twisted into speculation and conjecture of improper police conduct.

[2]Michael Harvey is a civilian. Harvey's sister, Charla Moore, is married to a service member stationed at Fort Rucker.

[3]The "Rights Warning Procedure/Waiver Certificate" contains the traditional explanation of rights and a corresponding waiver.

2

ANALYSIS

**I. HARVEY'S CONFESSION WAS A VOLUNTARY AND KNOWING CONFESSION**

Harvey's attack of his confession centers on his alleged intellectual disabilities and the presence of his step-father during the confession itself. Without identifying a single act of police overreaching, Harvey claims violation of his Constitutional protections. Harvey's attack is contrary to settled law.

According to the United States Supreme Court:

> While each confession case has turned on its own set of factors justifying the conclusion that police conduct was oppressive, all have contained a substantial element of coercive police conduct. **Absent police conduct casually related to the confession, there is simply no basis for concluding that any state actor has deprived a criminal defendant of due process of law**. (Emphasis added) See Colorado v. Connelly, 479 U.S. 157, 164 (1986).

In Connelly, *supra*, Defendant spontaneously confessed to a murder. Prior to trial, Defendant was found to be suffering from chronic schizophrenia. Based upon this illness, his confession was suppressed under the theory that it could not have been made "voluntarily." See id. at 518, 519. Essentially, the trial court found that although the police had done nothing wrong, the statement had to be suppressed because "Connelly's illness destroyed his volition and compelled him to confess." See id.

Contrary to the finding of the Colorado courts, the United States Supreme Court held that a "defendant's mental condition, by itself and apart from its relation to official coercion, should never dispose of the inquiry into constitutional 'voluntariness.' " See Connelly at 164. Distinguishing Connelly's facts, the Supreme Court reviewed Blackburn v. Alabama, 361 U.S. 199 (1960), wherein the police exploited a suspect's mental weakness with coercive tactics. These coercive tactics

included an eight to nine hour sustained interrogation confined to a small room filled with police officers; and, included the absence of Blackburn's "**friends, relatives or legal counsel.**" (Emphasis added). See Connelly at 165. According to the Supreme Court, it was these factors, in conjunction with a defendant's mental limitation, that rendered Blackburn's confession involuntary. See id. The Supreme Court found none of these coercive tactics in Connelly.

Succinctly, the Connelly Court held that no matter the individual's mental condition, "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." See Connelly at 167; See also Miller v. Dugger, 838 F.2d 1530 (11th Cir. 1988).[4]

In the case at bar, Harvey fails to identify a single coercive tactic used by the police. There is no allegation of sustained interrogation; no allegation of overwhelming police presence; no deprivation of food or sleep; no threats of physical force; and no promises designed to induce his confession. Harvey sites nothing indicating that law enforcement knew of Harvey's alleged mental disabilities and then exploited those disabilities in any way.

Rather, Harvey simply twists the presence of his relative (a factor the Supreme Court specifically identified in Blackburn as mitigating against police coercion) into a bizarre suggestion of police overreaching. Plainly, Harvey's argument is founded on nothing more than mere suspicion and conjecture. As articulated by the United States Supreme Court, coercive police activity is a

---

[4]In Miller, the Eleventh Circuit examined the confession of a mentally ill murderer. The Court examined the confession in light of the fifth and fourteenth amendments and also the due process clause. In the case at bar, Harvey cites Miranda; however, he makes no claim of custodial interrogation. Therefore, the United States provides this Honorable Court with an analysis using the Supreme Court's decision in Connelly.

4

necessary predicate to an involuntary confession. Harvey fails to identify a single act of police overreaching and thereby ignores plain Supreme Court jurisprudence.

    For the reasons stated above, the defendant's motion should be DENIED.

    Respectfully submitted this 3rd day of November, 2006.

                                      LEURA G. CANARY
                                    UNITED STATES ATTORNEY

                                    /s/ Verne H. Speirs
                                    VERNE H. SPEIRS
                                    Assistant United States Attorney
                                    1 Court Square, Suite 201
                                    Montgomery, Alabama 36104
                                    (334) 223-7280
                                    (334) 223-7135 Fax
                                    verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06cr107-MHT |
| | ) | |
| MICHAEL D. HARVEY | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov