IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 1:06cr107-MHT |
| ) | |
| MICHAEL D. HARVEY ) | |

UNITED STATES SUPPLEMENTAL BRIEF -
"VOLUNTARINESS" OF MICHAEL HARVEY'S CONFESSIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion to Suppress. As grounds in support of this Response, the United States sets forth the following:

FACTS

On March 6, 2006, Investigator Chris Newman of the Covington County, Mississippi, Sheriff's Department and Special Agent Ryan Bostain of the United States Army Criminal Investigative Division interviewed Michael David Harvey (Harvey). The interview was conducted at the Covington County Sheriff's Department, Covington County, Mississippi. Harvey was interviewed regarding allegations of child molestation. Until Harvey asked him to leave, Harvey's step-father, Johnny Power, was present during the interview. According to the allegations, while visiting Fort Rucker, Alabama, on or about October 31, 2005, Harvey molested a minor child, "John Doe."

Prior to making any statement on March 6, 2006, Harvey executed two separate forms indicating his willingness to talk to law enforcement. One form, entitled "Rights Warning Procedure/Waiver Certificate," is used by the United States military. The other form is entitled

"Parental Consent for Interview/Fingerprints/Videotape/Photograph of Juvenile." Both forms were executed by Harvey and his legal parent or guardian, Johnny Power. At all times during the interview, Harvey was free to leave.

On November 16, 2006, this Honorable Court held an evidentiary hearing on Harvey's motion to suppress his statement. Considering that hearing, Harvey fails to establish any evidence of police overreaching. In fact, the totality of the evidence established a completely voluntary confession. The "voluntariness" of Harvey's confession is evidenced by the following facts:

1) Harvey and his step-father voluntarily went to the Covington County, Mississippi, Sheriff's Department to be interviewed by law enforcement, See 11/16/06 Transcript, p. 11;

2) Harvey was not subjected to an overwhelming police environment, p. 11-12;

3) Harvey was not subjected to displays of force or intimidation, p. 13-14;

4) Harvey's parent or legal guardian was invited to observe the interview and expressly consented to the interview, p. 16;

5) Harvey was not subjected to custodial interrogation, p. 13-14;

6) Harvey was an adult at the time of the interview, p. 16;

7) Harvey's rights were explained in great detail to both him and his step-father, and Harvey specifically acknowledged the explanation and waiver of his constitutional rights, p. 22;

8) Before making any statement, Harvey acknowledged the following waiver: "I understand my rights as stated above. I am now willing to discuss the offenses under investigation and make a statement without talking to a lawyer first or without having a lawyer present with me." p. 29;

9) Harvey's interview only lasted four hours and ten minutes, p. 32;

10) Harvey had multiple opportunities to take breaks, use the bathroom, and get food or water, p. 32;

11)  Harvey was free to leave at all times during the interview, p. 32;

12)  Before questioning, Harvey was told the exact nature of the interview, p. 33;

13)  Harvey asked his step-father, Mr. Johnny Power, to leave the interview, p. 113;

14)  Harvey never became upset or afraid during his interview, p. 38;

15)  Harvey never indicated a need to talk to any family members during the interview, p. 38;

16)  Harvey gave very specific details regarding his crime, p. 53;

17)  Harvey reviewed and initialed every page of his confession, p. 46;

18)  After his confession, Harvey swore to its truth, p. 50;

19)  Harvey **is not** mentally retarded, p. 81;

20)  Harvey's Intelligence Quotient is 77, p. 81;

21)  Harvey is of "low average" intelligence, p. 82;

22)  Harvey is capable of working on vehicles, p. 93;

23)  Harvey is capable of understanding directions and executing tasks, p. 98.

## ANALYSIS

**I. VOLUNTARINESS**

According to the United States Supreme Court, the concept of "voluntariness" must be evaluated under the totality of the circumstances. The fact finder must assess both the characteristics of the accused and the details of the interrogation. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The inquiry focuses on whether there has been any police overreaching. See Colorado v. Connelly, 479 U.S. 157 (1986). Factors to be considered include the accused's lack of an education, or his low intelligence, the lack of any advice to the accused of his constitutional rights, the length

of detention, the repeated and prolonged nature of questioning, and the use of physical punishment such as deprivation of food or sleep. See Hubbard v. Haley, 317 F.3d 1245, 1253 (11th Cir. 2003); Waldrop v. Jones, 77 F.3d 1308 (11th Cir. 1996).

Critically, the Eleventh Circuit has established that "**coercive police activity is a necessary predicate to finding that the confession by a person with a low intelligence level is involuntary**." See Singleton v. Thigpen, 847 F.2d 668, 671 (11th Cir. 1988); United States v. Scheigert, 809 F.2d 1532, 1533 (11th Cir. 1987) (emphasis added).

In Singleton, defendant was accused of murdering a nun. After conviction and on petition of habeas corpus to the Eleventh Circuit, Defendant argued his confession was not voluntary because of his "low intelligence." See Singelton at 670-671. Finding his confession voluntary, the Eleventh Circuit noted that the defendant had been in custody for two and a half hours, had been read his Miranda rights, had been provided breaks to talk to a companion, and was given the opportunity to read his statement before signing it. See id. at 670. The Eleventh Circuit specifically held that despite "low intelligence," police coercion is the necessary ingredient to establishing an involuntary confession. See id. at 671.

In the case at bar, Harvey fails to establish the necessary predicate to invalidate his confession. Although Harvey may suffer from "low intelligence," there is not a scintilla of evidence suggesting any overreaching by law enforcement. On the contrary, all the evidence points to extraordinarily cautious and dutiful conduct by Special Agent Ryan Bostain and Investigator Chris Newman. The record establishes their painstaking efforts to explain Harvey's rights to him, ensure that his parent or legal guardian was present during the interview (until Harvey himself asked the guardian to leave), and provided him opportunities for breaks, water, and food. Applying clear

Eleventh Circuit jurisprudence, Harvey's failure to establish coercive police activity is fatal to his motion to suppress.

Beyond failing to establish coercive police activity, Harvey fails to establish that the confession was not "an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him." See id. at 670, *quoting*, Jurek v. Estelle, 623 F.2d 929, 937 (5th Cir. 1980). Indeed, the evidence adduced at the evidentiary hearing established that Harvey is capable of understanding and performing skilled tasks. See 11/16/06 transcript, pp. 98, 105. Moreover, all of his rights were explained in great detail. See transcript at p. 22. Harvey never sought outside help or requested additional explanation of his rights. See transcript at p. 38. Finally, and most significant, those who know him best acquiesced to Harvey's desire to talk to law enforcement alone. See transcript at p. 121.

Considering the totality of the circumstances, including his low intelligence, Harvey has failed to establish any police overreaching. Additionally, he has failed to show that his confession was anything but the product of his own free will and rational choice.

For the reasons stated above, the defendant's motion should be DENIED.

Respectfully submitted this 27th day of November, 2006.

                  LEURA G. CANARY
                  UNITED STATES ATTORNEY

                  /s/ Verne H. Speirs
                  VERNE H. SPEIRS
                  Assistant United States Attorney
                  1 Court Square, Suite 201
                  Montgomery, Alabama 36104
                  (334) 223-7280
                  (334) 223-7135 Fax
                  verne.speirs@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06cr107-MHT |
| | ) | |
| MICHAEL D. HARVEY | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Kevin Butler.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Verne H. Speirs
VERNE H. SPEIRS
Assistant United States Attorney
1 Court Square, Suite 201
Montgomery, Alabama 36104
(334) 223-7280
(334) 223-7135 Fax
verne.speirs@usdoj.gov