# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No.: 1:06cr107-MHT |
| ) | |
| MICHAEL HARVEY ) | |

## POST HEARING BRIEF[1]

Comes now the Defendant, Michael Harvey, by and through Kevin L. Butler Esq., and submits this brief in support of his Motion to Suppress Statements and the factual and legal arguments made by the defense during the November 16, 2006 hearing on the suppression motion.

An individual waives his *Miranda* rights if (1) the waiver is voluntary and (2) the statement is knowing and intelligently made. *Moran v. Borbine*, 475 U.S. 412 (1986). *Miranda* waivers can be rendered involuntary if the waiver was not the product of "free will" and voluntary [e.g. the waiver was given/executed as a result of improper coercion, intimidation or deception]. See *Dunkin v. Thigpen*, 854 F.2d 394 (11th Cir. 1988). A *Miranda* waiver is not knowing or intelligent if a defendant was not aware of the nature of the right(s) being abandoned or the consequences of the decision to abandon the right(s) [e.g. the defendant thought by signing the *Miranda* waiver he was to be awarded a prize.]. *Miller v. Dugger*, 838 F.2d 1530 (11th Cir. 1988).

The defense leaves to the court's discretion the determination of whether the *Miranda* waiver in this case was the involuntary result of improper police coercion. See *Dunkin v. Thigpen*, 854 F.2d

---

[1] This pleading is submitted one day out of time. Undersigned counsel was out of the district between November 22 - 26, 2006.

394 (11th Cir. 1988). However, the defense would ask the Court to focus on the fact that: (1) prior to the police interrogation, the police were aware that Mr. Harvey had mental limitations [T. - 8, 57][2]; (2) as a result of Mr. Harvey's limitations, the police asked a guardian to be present during the initial portion of the interrogation [T. - 12, 57]; (3) no incriminating statements were made by Mr. Harvey during the first portion of the interrogation, while the guardian was present [T. - 35, 66, 113][3]; (4) all incriminating statements were made after the police manipulated Mr. Harvey into requesting that the guardian be excused from the interrogation room [T. - 36, 66-74]; and (5) though the interrogation could have taken place at Mr. Harvey's residence, the police elected to conduct the interrogation in a location (i.e. the Covington County, MS, sheriff's office) that is intimidating to a normal person and especially intimidating to a person with Mr. Harvey's mental limitations [T.- 9, 89, 108]. The defense believes the totality of these circumstances show the police improperly took advantage of Mr. Harvey's mental limitations in order to secure both a *Miranda* waiver, as well as to secure the subsequent confession.

Regardless of the Court's finding as to the voluntariness of the *Miranda* waiver, the defense believes the evidence presented at the evidentiary hearing clearly establishes Mr. Harvey was not aware of the nature of the right(s) being abandoned or the consequences of executing a *Miranda*

---

[2] References to the November 16, 2006, hearing transcript will be [T. - page #].

[3] In determining the propriety of the police conduct and the credibility of Agent Bostain's testimony, the defense would also ask the court to also consider the <u>huge</u> discrepancy in the testimony regarding how long Mr. Powers remained in the room with Mr. Harvey. Agent Bostain testified that Mr. Powers was in the interview room with Mr. Harvey for over one hour. [T.- 35]. Mr. Powers testified that he was in the interview room for 5 minutes. [T.- 113]. Though the length of time Mr. Powers stayed in the room does not necessarily alter or affect whether Mr. Harvey knowingly and intelligently waived his *Miranda* rights, it does speak to whether the police were attempting to manipulate Mr. Harvey into providing a confession and whether the *Miranda* waiver was the product of deceit and manipulation.

waiver. *Miller v. Dugger*, 838 F.2d 1530 (11th Cir. 1988). Specifically:

1) Mr. Harvey is mentally retarded with a verbal Intelligence Quotient (I.Q.) of 57 and a full scale I.Q. of 64. [T.- 84]. This low I.Q., coupled with Mr. Harvey's inability, even at age 19, to regularly bathe and clean himself and follow any personal hygiene routine signified severe mental limitation and retardation. [T. 85-86, 94-95, 103];

2) Since the age of two, Mr. Harvey has demonstrated limited intellectual functioning, and he has been in special education courses throughout his entire childhood. [T. - 88, 100];

3) Mr. Harvey can follow only the most elemental and basic instructions. [T-90, 102, 103]. If multiple tasks are given, he cannot follow them. Id.;

4) Because of his low verbal I.Q., Mr. Harvey had difficulty understanding and comprehending what was being written and spoken during the interrogation. [T. 34, 73, 75, 84, 108, 113-114]. Specifically, certain words and phrases (e.g. "ejaculation" and "sexual gratification") had to be explained to Mr. Harvey. Id.; and

5) After being left alone with the interrogator and while no longer under parental supervision, Mr. Harvey fell into his normal routine of giving/parroting the responses he thought would please the interrogator and end the interrogation. [T. 56, 68-70, 92].

**Conclusion**

Mr. Harvey's *Miranda* waiver was neither voluntary nor knowing and intelligent. Therefore, his subsequent statement(s) must be suppressed.

    Respectfully submitted,

    s/ Kevin L. Butler
    KEVIN L. BUTLER
    First Assistant Federal Defender
    201 Monroe Street, Suite 407
    Montgomery, Alabama 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    E-mail: kevin_butler@fd.org
    AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | CR. No.: 1:06cr107-MHT |
| ) | |
| **MICHAEL D. HARVEY** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                            Respectfully submitted,

                                            s/ Kevin L. Butler
                                            KEVIN L. BUTLER
                                            First Assistant Federal Defender
                                            201 Monroe Street, Suite 407
                                            Montgomery, Alabama 36104
                                            Phone: (334) 834-2099
                                            Fax: (334) 834-0353
                                            E-mail: kevin_butler@fd.org
                                            AZ Bar Code: 014138