IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:06cr107-MHT |
| ) | |
| MICHAEL HARVEY ) | |

**OBJECTIONS TO RECOMMENDATION OF MAGISTRATE JUDGE**

Comes now the Defendant, Michael Harvey, by and through Kevin L. Butler, Esq., and submits the following Objections to the Recommendation of the Magistrate Judge.

In his Recommendation, the Magistrate Judge correctly identifies and discusses the legal principles and supporting case law that must guide a determination/analysis of whether a person in police custody voluntarily, knowingly and intelligently waives his *Miranda* rights. However, the defense objects to the factual findings made in support of each of these principles.[1]

**I)   The evidence and testimony clearly established that a reasonable person would believe Mr. Harvey was in police custody**

Given the totality of circumstances in this case, a reasonable man in Mr. Harvey's position would have felt that he was not free to leave Agent Tyan D. Bostian's interrogation. *See United States v. Moya*, 74 F.3d 1117 (11th Cir. 1996).

Instead of interviewing Mr. Harvey at home or at a neutral location where Mr. Harvey would

---

[1] The suppression issues presented revolve entirely upon this Court's determination of the facts and circumstances of the interrogation and this Court's determination of Mr. Harvey's intellect. Therefore, if the Court is not satisfied with the factual record developed, a *de novo* factual hearing may be warranted so as to allow the District Court an independent opportunity to assess Mr. Harvey's intellect and his ability to voluntarily, knowingly and intelligently waive his *Miranda* rights.

1

be clearly aware of his ability to leave or stop the police interrogation. Mr. Harvey was ordered to go to the Covington County, Mississippi Sheriff's Department where multiple uniformed officers were present. [T. - 9, 89, 108].[2] After entering the Sheriff's Department, Mr. Harvey was place in a 12'x14', room.

Mr. Harvey was never advised that he had the right to leave. Though he was informed of his *Miranda* rights, Mr. Harvey was never informed that once the interview began, he could terminate questioning and/or leave the police station. Given these circumstances a reasonable person would not have believed he was free to stop or leave the interview. The fact that the interrogators were wearing "plain clothes" and the door was open was of no consequence to Mr. Harvey as it was objectively reasonable for him to believe his freedom had been curtailed.

II)   **The evidence and testimony clearly established that the police were aware of Mr. Harvey's limitation and manipulated Mr. Harvey into his *Miranda* wavier**

The defense concedes that no physical force was applied to the Defendant during the interrogation. However, the evidence and testimony clearly establish that the police took advantage of Mr. Harvey's mental limitations in an attempt to secure an involuntary *Miranda* waiver. *Dunkin v. Thigpen*, 854 F.2d 394 (11th Cir. 1988).

Specifically, (1) prior to the police interrogation, the police were aware that Mr. Harvey had mental limitations [T. - 8, 57]; (2) as a result of Mr. Harvey's limitations, the police asked a guardian to be present during the initial portion of the interrogation [T. - 12, 57]; (3) no incriminating statements were made by Mr. Harvey during the first portion of the interrogation, while the guardian

---

[2] References to the November 16, 2006, hearing transcript will be [T. - page #].

was present [T. - 35, 66, 113][3]; (4) all incriminating statements were made after the police manipulated Mr. Harvey into requesting that the guardian be excused from the interrogation room and while the mentally challenged defendant was alone in the room [T. - 36, 66-74]; and (5) though the interrogation could have taken place at Mr. Harvey's residence, the police elected to conduct the interrogation in a location (i.e. the Covington County, Mississippi, Sheriff's Office) that is intimidating to a normal person and especially intimidating to a person with Mr. Harvey's mental limitations [T.- 9, 89, 108].

The defense believes the totality of these circumstances show the police improperly took advantage of Mr. Harvey's mental limitations in order to secure both a *Miranda* waiver, as well as to secure the subsequent confession.

**III)   The evidence and testimony clearly established that Mr. Harvey did not knowingly or intelligently waive his *Miranda* rights**

Mr. Harvey's mental limitations made it unable for him to be aware of the nature of the rights being abandoned or the consequences of his decision to abandon his rights and provide a confession to law enforcement. *See Miller v. Dugger*, 838 F.2d 1530 (11th Cir. 1988).

Specifically:

1)   Mr. Harvey is mentally retarded with a verbal Intelligence Quotient (I.Q.) of 57 and

---

[3] In determining the propriety of the police conduct and the credibility of Agent Bostain's testimony, the defense would ask the Court to consider the <u>huge</u> discrepancy in the testimony regarding how long Mr. Powers remained in the room with Mr. Harvey. Agent Bostain testified that Mr. Powers was in the interview room with Mr. Harvey for over one hour. [T.- 35]. Mr. Powers testified that he was in the interview room for 5 minutes. [T.- 113]. Though the length of time Mr. Powers stayed in the room does not necessarily alter or affect whether Mr. Harvey knowingly and intelligently waived his *Miranda* rights, it does speak to whether the police were attempting to manipulate Mr. Harvey into providing a confession and whether the *Miranda* waiver was the product of deceit and manipulation.

         a full scale I.Q. of 64. [T.- 84]. This low I..Q., coupled with Mr. Harvey's inability, even at age 19, to regularly bathe and clean himself and follow any personal hygiene routine, signified severe mental limitations and retardation. [T. 85-86, 94-95, 103];

2) Since the age of two, Mr. Harvey has demonstrated limited intellectual functioning, and he has been in special education courses throughout his entire childhood. [T. - 88, 100];

3) Mr. Harvey can follow only the most elemental and basic instructions. [T-90, 102, 103]. If multiple tasks are given, he cannot follow them. Id.;

4) Because of his low verbal I.Q., Mr. Harvey had difficulty understanding and comprehending what was being written and spoken during the interrogation. [T. 34, 73, 75, 84, 108, 113-114]. Specifically, certain words and phrases (e.g. "ejaculation" and "sexual gratification") had to be explained to Mr. Harvey. Id.; and

5) After being left alone with the interrogator and while no longer under parental supervision, Mr. Harvey fell into his normal routine of giving/parroting the responses he thought would please the interrogator and end the interrogation. [T. 56, 68-70, 92].

**IV) Conclusion**

    Though the Magistrate Judge correctly discusses the applicable legal principles, he erroneously concludes Mr. Harvey knowingly and voluntarily waived his *Miranda* rights. The evidence and testimony clearly established that while in police custody, law enforcement improperly coerced/tricked Mr. Harvey into providing a confession and that Mr. Harvey did not have the ability to knowingly and intelligently waive his *Miranda* rights. Therefore, the statements should be suppressed.

Dated this 20th day of December 2006.

                        Respectfully submitted,

                        s/ Kevin L. Butler
                        KEVIN L. BUTLER
                        First Assistant Federal Defender
                        201 Monroe Street, Suite 407
                        Montgomery, Alabama 36104
                        Phone: (334) 834-2099
                        Fax: (334) 834-0353
                        E-mail: kevin_butler@fd.org
                        AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                    ) | CR. No.: 1:06cr107-MHT |
| ) | |
| MICHAEL D. HARVEY     ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Verne Speirs, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                            Respectfully submitted,

                                            s/ Kevin L. Butler
                                            KEVIN L. BUTLER
                                            First Assistant Federal Defender
                                            201 Monroe Street, Suite 407
                                            Montgomery, Alabama 36104
                                            Phone: (334) 834-2099
                                            Fax: (334) 834-0353
                                            E-mail: kevin_butler@fd.org
                                            AZ Bar Code: 014138