IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CR. NO. __1:06CR107-MHT____ |
| v. | ) | [18 USC 2244(a)(1) |
| | ) | 18 USC 2241(c)] |
| | ) | |
| MICHAEL D. HARVEY | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**          TIMOTHY HALSTROM

**ASSISTANT U.S. ATTORNEY:**  VERNE H. SPEIRS

### COUNT AND STATUTES CHARGED:

Count 1    **18 U.S.C. § 2244(a)(1) - Abusive sexual contact** (with children)
Whoever crosses a state line with intent to engage in sexual contact with a person who has not attained the age of 12 years, or in the special territorial jurisdiction of the United States, shall be fined and imprisoned for a term of not more than 20 years.

Count 2    **18 U.S.C. § 2241(c) - Aggravated sexual abuse** (with children)
Whoever crosses a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special territorial jurisdiction of the United States, shall be fined and imprisoned for a term of years or life, or both.

Count 3    **18 U.S.C. § 2241(c) - Aggravated sexual abuse** (with children)
Whoever crosses a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special territorial jurisdiction of the United States, shall be fined and imprisoned for a term of years or life, or both.

1

**COUNT(S) PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 2       <u>18 U.S.C. § 2241(c)</u>
              Aggravated sexual abuse (with children)

Count 3       <u>18 U.S.C. § 2241(c)</u>
              Aggravated sexual abuse (with children)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 2       <u>18 U.S.C. § 2241(c)</u>
              Any Term of Years or Life;
              NMT $250,000 or both;
              Any Term of Years or Lifetime SUP REL;
              $100 AF;
              VWPA

Count 3       <u>18 U.S.C. § 2241(c)</u>
              Any Term of Years or Life;
              NMT $250,000 or both;
              Any Term of Years or Lifetime SUP REL;
              $100 AF;
              VWPA

**ELEMENTS OF THE OFFENSE(S):**

<u>18 U.S.C. 2241(c)</u>

First:        Defendant caused the person named in the indictment to engage in a "sexual act;"

Second:       The person named in the indictment was under 12 years of age;

Third:        Defendant acted knowingly;

Fourth:       The sexual act occurred in the territorial jurisdiction of the United States.

*****************************************************************

Verne H. Speirs, Assistant United States Attorney, and Timothy Halstrom, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(C), as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view

2

towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a conditional Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offenses charged in Counts 2 and 3 of the Indictment, the attorney for the Government will do the following:

    a. The Government will agree that a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

    b. Notwithstanding any variance or upward departures considered or imposed by the Court, the parties agree that the applicable Guideline range, prior to any reduction for acceptance of responsibility, is 39. Level 39 is calculated as follows:

        (1) Base Offense Level: 30, see U.S.S.G. § 2A3.1(a);

        (2) The offense involved a minor who had not attained the age of twelve years: increase by 4 levels, see U.S.S.G. § 2A3.1(b)(2)(A);

        (3) The defendant has engaged in a pattern of activity involving prohibited sexual conduct: increase by 5 levels, see U.S.S.G. § 4B1.5(b)(1).

    c. The parties agree:

        (1) that the calculated sentencing range is from 188 to 235 months imprisonment. This sentencing range includes only <u>a two level</u> reduction for Defendant's acceptance of responsibility;

        (2) that in return for dismissing Count 1 of the Indictment (at the time of sentencing) the United States will not to move for, or seek, any further reduction for

acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

(3) that the United States will not seek, recommend or agree to the "low end" of the applicable Guideline range.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to Counts 2 and 3 of the Indictment.

b. To volunteer for, and seek placement in, the United States Bureau of Prison's Sexual Offender Management Program and the United States Bureau of Prison's Sexual Offender Treatment Program. Defendant expressly agrees to seek and participate in all available sexual offender treatment <u>while</u> incarcerated; and to seek and participate in sexual offender treatment upon release from incarceration and/or civil commitment.

c. Pursuant to Title 18 U.S.C. § 4248, upon Defendant's completion of the sentence imposed by the United States District Court for the Middle District of Alabama, defendant acknowledges, consents and agrees to any proceeding under Title 18 U.S.C. § 4248(d), commonly know as a "Risk Assessment." Should defendant be found to be a "sexually dangerous person" as defined by Title 18 U.S.C. § 4247(a)(5), he expressly agrees to any term of civil commitment until such time that he is determined by a psychiatrist or psychologist of the United States Bureau of Prisons not to be "sexually dangerous to others" as defined by § 4247(a)(6). Defendant acknowledges that any period of civil commitment shall be in strict accordance with Title 18 U.S.C. § 4248(d)(1) and (2) and

hereby consents to any term of civil commitment served under the jurisdiction of the United States or State in which he ultimately domiciled.

  d. Notwithstanding any other provision of this plea agreement, Defendant acknowledges and expressly agrees that the Court should place the defendant on supervised release following his release from imprisonment for the remainder of Defendant's life as provided by Title 18 U.S.C. § 3583(k), upon such terms and conditions determined to be appropriate by the Court and United States probation.

  e. Defendant understands and acknowledges that he will be required to register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school. Defendant understands agrees that he must keep registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. Defendant understands and agrees that registration includes providing his name, residence and address, and the names and addresses of any place where he will be an employee or student. Defendant agrees and acknowledges that he must notify at least one jurisdiction in which he resides any change of name, residence, employment or student status not later than three business days after any change.

  f. Special Conditions of Supervised Release: The parties jointly recommend that the Court should impose the Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate in this case. The parties understand and agree that these recommended Special Conditions are not binding upon the Court if it accepts this Guilty Plea Agreement, and that the Court may determine which Standard and Special Conditions to apply in this case.

  1)  The defendant shall have no direct or indirect contacts or

communications with John Doe or any of his friends or family members.

2) The defendant shall not possess any obscenity, pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

3) The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

4) The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

5) The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and its peripheral devices with the assistance of

other law enforcement as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

6) The defendant shall provide a DNA sample as directed by the probation officer.

7) The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s) and any hardware or software, systems to monitor his computer use. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s).

8) Defendant agrees to not commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Determination of whether Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

9) Access to Minors - Defendant agrees not to reside or loiter within 100 feet of schoolyards, playgrounds, arcades or other places, establishments and areas primarily frequented by children under the age of eighteen.

10) Occupational Restriction - Defendant agrees not to engage in nay paid occupation of volunteer service which exposes him either directly of

indirectly to minors, unless approved in advance, in writing, by his probation officer.

g. Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a fine in this case and the amount of any such fine. The parties understand that federal law requires mandatory restitution for the offenses charges in the indictment. The parties reserve the right to present evidence and arguments regarding the amount and payment term of this restitution.

h. Downward Departure or Variance Requests by Defendant - The defendant will not seek a sentence below the Guideline range or a downward departure or variance under Title 18, United States Code, Section 3553(a), without first notifying the United States of defendant's intent to seek a downward departure and defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date for sentence.

## FACTUAL BASIS

4. The Defendant admits the allegations charged in Counts 2 and 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Counts 2 and 3, that on or about November 22, 2005, in Dale County, within the Middle District of Alabama, MICHAEL D. HARVEY, defendant herein, while within the boundaries of Fort Rucker, Alabama, a United States Army installation, an area within the special territorial jurisdiction of the United States, did knowingly engage in a sexual act with "John Doe," a person who at the time had not attained the age of 12 years, when MICHAEL D. HARVEY intentionally touched, not through clothing, "John Doe's" penis, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, in violation of Title 18, United States Code, Sections 2241(c).

Finally, on or about November 23, 2005, in Dale County, within the Middle District of Alabama, MICHAEL D. HARVEY, defendant herein, while within the boundaries of Fort Rucker, Alabama, a United States Army installation, an area within the special territorial jurisdiction of the United States, did knowingly engage in a sexual act with "John Doe," a person who at the time had not attained the age of 12 years, when MICHAEL D. HARVEY intentionally touched, not through clothing, "John Doe's" penis, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person, in violation of Title 18, United States Code, Sections 2241(c).

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence. Finally, Defendant waives any right to appeal any upward departure or variance imposed by the Court.

In return for the above waiver by the Defendant, the Government does not waive its

right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver as to any issue the Defendant may raise pursuant to 18 U.S.C. § 3742(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The Defendant, before entering a plea of guilty to all Counts, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

b. The Defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the Defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the Defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the Defendant's assets and liabilities as of the date of the offense. The Defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief.

c. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

d. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

e. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

g. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

h. The Defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the plea agreement, the Defendant would be permitted to withdraw the Defendant's plea, if the Defendant so chooses.

i. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

j. The Defendant understands that there is no possibility of a sentence of probation.

k. The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

7. The undersigned attorneys for the Government and for the Defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Fed. R. Crim. P. 11(c)(1)(C). The attorney for the Defendant further advises the Court that the Defendant

has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney.

This _24th_ day of May, 2007.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
Verne H. Speirs
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101
(334)223-7280

Louis V. Franklin, Sr.
Chief, Criminal Division

14

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Michael Harvey
Defendant

_5/24/07_____
Date

_____
Tim Halstrom
Attorney for the Defendant

_5/24/07_____
Date