IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06CR107-MHT |
| | ) | |
| MICHAEL D. HARVEY | ) | |

<u>UNITED STATES RESPONSE TO</u>
<u>DEFENDANT'S MOTION FOR VARIANCE FROM GUIDELINES</u>

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby requests that this Honorable Court deny Defendant's Motion for Variance from Guidelines. As grounds in support of this Response, the United States sets forth the following:

<u>FACTS</u>

Between November 2, 2005, and November 28, 2005, Michael David Harvey visited his sister living on Fort Rucker, Alabama. Harvey's sister, Charla Moore, has two minor children.

During Harvey's visit with his sister, he had sexual contact with his five year-old nephew. On November 22, 2005, Harvey sat next to the child and placed his hands inside the child's pants and touched the child's penis for approximately five minutes. Harvey molested the same child again on November 23, 2005. After touching the child, Harvey instructed the child to keep the molestation a "secret."

On May 24, 2007, Harvey pleaded guilty to two counts of aggravated sexual abuse (with children) in violation of Title 18, United States Code, Section 2241( c).

Currently, Harvey petitions this Honorable Court to grant a variance and impose a sentence of 24 months imprisonment. Harvey fails to provide any authority supporting a variance for aggravated sexual abuse. Indeed, nothing about the nature and circumstance of this case warrants a variance from the Guidelines.

## ANALYSIS

**I.  THE CIRCUMSTANCES OF HARVEY'S CASE DO NOT SUPPORT A VARIANCE**

In United States v. Terry, 427 F.2d 1132 (M.D. Ala 2006), this Honorable Court examined the post-Booker sentencing regime and provided a framework for imposing a "reasonable" sentence. Pursuant to this Court's teaching:

> [T]he sentencing court's obligation under the current sentencing regime may be summarized as follows: review the PSR for accuracy and rule on any objections; calculate the total-offense level and criminal-history score; rule on any possible upward or downward departures; determine the final Guideline range; and, finally with the appropriate Guideline range in mind, determine and impose a sentence that serves the purposes set forth in § 3553(a).

Ultimately, in Terry, this Honorable Court varied from a Guideline calculation of 84 to 105 months and imposed a sentence of 60 months. See Terry at 1137. In granting a variance, this Honorable Court examined Terry's two compelling factors. First, the State of Alabama had removed the defendant from his parents and

family and thereby assumed the responsibility for his upbringing. See Terry at 1138.  Second, rather than "parent" a troubled child and mold his behavior, the State of Alabama elected to prosecute him.  See Terry at 1140.  Central to this Court's decision to grant a variance was the State's failure to honor its obligation to parent and correct the defendant's behavior rather than abandon and prosecute him.[1]

Importantly, this Honorable Court recognized and agreed that "[C]ourts do not generally impose a more lenient sentence because of a defendant's troubled background.  The court agrees with the premise of the government's position - that family support and upbringing (whether good or bad) generally will not serve as the basis for altering a sentence. . ."  See Terry at 1138.

In the case at bar, Harvey invokes Terry to justify a similar variance.  Despite his argument, Michael Harvey is no Artemis Terry.  Indeed, Harvey identifies numerous difficulties ranging from behavioral issues, mental health issues and educational/intelligence issues.  See *Motion for Variance from Sentencing Guidelines,* p 6-8.  Ultimately, however, Harvey's argument fails to justify a variance.

---

[1] "In some respects, the State of Alabama here is like Dr. Frankenstein.  It helped shape Terry by failing to provide adequately for him when it undertook to raise him; then, having failed, it simply abandoned him when he aged out of the foster-care system."  See Terry at 1141.

In <u>Terry</u>, the thrust of the Court's variance was not to account for the defendant's personal difficulties. Rather, the variance accounted for the state's failure to honor its obligation to "parent" Terry; and, its subsequent decision to prosecute him. <u>See</u> <u>Terry</u> at 1142.[2] Unlike <u>Terry</u>, a review of Harvey's Presentence Report establishes that he was never in foster care or a ward of the state. Likewise, he has but one (1) criminal history point for a juvenile offense and no known adult criminal convictions. Moreover, according to the report, he was raised by both parents and was living with his mother at the time of his arrest. But for sharing emotional difficulties, any comparison between Michael Harvey and Artemis Terry is marginal.

To be sure, Michael Harvey is troubled. His troubles, however, do not warrant a variance. The parties have agreed that the appropriate Guideline level is 39. Adjusting for the defendant's criminal history category of II, the Guidelines call for a sentence between 292 to 365 months. A sentence within that range satisfies the considerations set forth in section 3553(a).

First, child molestation is a heinous crime - and the Presentence Report reflects that Harvey's other molestations have

---

[2] "This court is not imposing a variance because the State failed to address Terry's underlying needs; many children, both in state custody and in parental custody, have this problem. Rather, the court is imposing a variance here because the State went a step further and criminalized his conduct as it failed to meet his needs." <u>See</u> <u>Terry</u> at 1142.

4

never been prosecuted.  Unlike Terry, Harvey has escaped previous felony charges.  Pursuant to U.S.S.G. § 4B1.5(b)(1), a Guideline sentence in this case will account for a "pattern of activity involving prohibited sexual conduct"[3] and satisfy the sentencing requirement for retribution.

Next, a Guideline sentence will satisfy deterrence. Potential child molesters must know that their crimes will be punished to the maximum extent. If a single potential child molester seeks treatment or decides not to offend because he realizes the consequences of molesting a child will result in 25 to 30 years imprisonment - the Guidelines have saved a child a life of anguish.

Furthermore, in child sexual abuse cases, incapacitation is paramount.  According to the diagnostic impressions of Dr. Rodolfo Buigas, Michael Harvey is a pedophile.  Dr. Buigas found that Harvey has "engaged in a pattern of sexually inappropriate behavior with minors and adults of both genders since an early age.  The **incidents have been recurrent** and have included victims much younger than the defendant . . ."  See *Forensic Report of Dr. Rodolfo Buigas, p. 8.* (Emphasis added.)  Considering the fact that Harvey is a pedophile with a history of uncharged sexual offenses,

---

[3]According to U.S.S.G.4B1.5(b)(1) " In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct: (1) The offense level shall be 5 plus the offense level determined under Chapters Two and Three . . ."

removing him from society is the only way to prevent further abuse of children.

Finally, the parties agree that Harvey needs a lifetime of rehabilitation. While incarcerated, Harvey has agreed to participate in the United State's Bureau of Prison's Sexual Offender Treatment Program. A Guideline sentence will ensure that the United States Bureau of Prisons will have sufficient time to give Harvey the full benefit of programs designed to treat and manage his sexual dysfunction.

## II. DOWNWARD VARIANCES IN OTHER AGGRAVATED SEXUAL ABUSE CASES

Harvey fails to cite any authority supporting a variance in an aggravated sexual abuse case. The United States, however, cites United States v. Kane, 470 F.3d 1277 (8th Cir. 2006), as authority against a variance in an aggravated sexual abuse case.

Kane was convicted of aggravated sexual abuse and conspiracy to commit aggravated sexual abuse of her minor daughter in violation of Title 18 United States Code, Sections 2241( C) and 371. According to the facts, Kane accepted money from her co-defendant in return for sex with Kane's minor daughter. Kane profited from her daughter's abuse more than 200 times. See Kane at 1279. After a remand by the Eighth Circuit for a sentence in light of Booker, the district court resentenced Kane to 120 months imprisonment, a 90 month downward variance from the low end of the applicable Guideline range of 210 to 262 months. As justification

for the variance, the district court considered Kane's rehabilitative efforts, low likelihood of recidivism, and her history of substance abuse and mental health problems. See Kane at 1281. The government appealed the sentence as unreasonable under Title 18 U.S.C. 3553(a).

Agreeing with the government, and finding that the district court abused its discretion, the Eighth Circuit specifically noted that "drug or alcohol abuse and mental conditions are not proper grounds for a downward variance, absent extraordinary circumstances." See Kane at 1281, *citing* United States v. Gall, 446 F.3d 884, 887-88, 890 (8th Cir. 2006)(mental immaturity of defendant is not a proper factor for a downward variance). Ultimately, the Eighth Circuit rejected all of the district court's reasoning for a variance and ruled, "Kane's 120-month sentence quite simply is not proportional to the circumstances of the crimes and the persons involved. As a result, Kane's sentence is unreasonable and must be vacated." See Kane at 1282.

Like Kane, nothing about Harvey presents extraordinary circumstances sufficient to justify a downward variance. Although mental health professionals may debate his relative intellect, any deficiencies are not so glaring as to warrant a variance. Moreover, despite suggesting he suffered sexual abuse as a child, Harvey provides no specifics or details which, if true, would warrant a downward variance. Finally, according to the Forensic

Evaluation of Dr. Rodolfo Buigas, Michael Harvey is a pedophile. As such, after considering the totality of his conduct, the Guidelines provide a range of 292 to 365 months imprisonment. Harvey has failed to present any extraordinary circumstances sufficient to justify downward variation from that range.

### III. HARVEY SHOULD BE SENTENCED IN ACCORDANCE WITH TITLE 18 U.S.C. § 3553(a) AND § 3553(b)(2)(A).

Throughout his motion, Harvey petitions this Honorable Court to impose a sentence in accord with Title 18, United States Code, Section 3553(a). Harvey fails to note that Congress has enacted a specific statute to guide the sentencing of child crimes and sexual offenses.

To the extent that Harvey's arguments can be construed as a motion for downward departure, § 3553(b)(2)(A) severely curtails that option. According to United States v. Bowie, 2006 WL2699230 (N.D. Iowa 2006), "defendants who have committed sexual abuse of a child are within the class of defendants whom Congress determined would rarely be entitled to a downward departure." See Bowie at *8-9.

In sum, Michael Harvey has admitted to repeatedly molesting his five year-old nephew. Moreover, Harvey has molested other children in the past; yet, he has never suffered any criminal sanction for those crimes. The Guidelines have accounted for the totality of his criminal conduct and he should be sentenced in accordance with the Guidelines.

For the reasons stated above, the defendant's motion should be DENIED.

Respectfully submitted this 7th day of August, 2007.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/Verne H. Speirs
>VERNE H. SPEIRS
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, Alabama 36104-3429
>(334) 223-7280
>(334) 223-7138 Fax
>verne.speirs@usdoj.gov

```
          IN THE DISTRICT COURT OF THE UNITED STATES
            FOR THE MIDDLE DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

UNITED STATES OF AMERICA )
)
               v.            )    CR. NO. 1:06cr107-MHT
)
MICHAEL D. HARVEY )

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Timothy Halstrom.

                                    Respectfully submitted,

                                    LEURA G. CANARY
                                    UNITED STATES ATTORNEY

                                    /s/Verne H. Speirs
                                    VERNE H. SPEIRS
                                    Assistant United States Attorney
                                    131 Clayton Street
                                    Montgomery, Alabama 36104-3429
                                    (334) 223-7280
                                    (334) 223-7138 Fax
                                    [verne.speirs@usdoj.gov](mailto:verne.speirs@usdoj.gov)